■ In the Matter of PATRICK D. PATRICIA D., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. — In a neglect proceeding pursuant to article 10 of the Family Court Act, the appeal is from an order of the Family Court, Queens County (Corrado, J.), dated December 18, 1981, which dismissed the petition, without a hearing. Order reversed, without costs or disbursements, petition reinstated, and matter remitted to the Family Court for a hearing in accordance herewith. Pending the hearing, the infant is to remain in the custody of the appellant. "Article 10 of the Family Court Act makes it clear that a 'fact-finding hearing' must be held on the issue of neglect, as raised by the petition, and findings of fact should be made" (*Matter of Debra VV,* 52 AD2d 960, 961). Contrary to the assertion by the Family Court, a finding of neglect can be properly made despite the fact that the child has never lived with his mother (*Matter of Eugene G.,* 76 AD2d 781). It was error for that court to dismiss the petition without a hearing. Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.

■ In the Matter of MICHAEL G., Appellant. — In a juvenile delinquency proceeding, the appeal (by permission) is from an order of the Family Court, Rockland County (Weiner, J.), dated November 15, 1982, which denied the juvenile's motions to dismiss the petition and for discovery. Order modified by deleting the provision denying the motion for discovery and substituting a provision granting that motion. As so modified, order affirmed, without costs or disbursements. Respondent's time to comply with the granted discovery is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Appellant should be permitted discovery of the scientific evidence despite his late application (see CPL 255.20, subd 1). We note that it was error for the Family Court to deny appellant's motion to dismiss the petition based solely on timeliness, without considering the merits of the motion. A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite in a criminal proceeding (see *People v Hall,* 48 NY2d 927; *People v Case,* 42 NY2d 98; *People v Harper,* 37 NY2d 96), and the rule must be applied to delinquency proceedings (cf. *Matter of Isaac W.,* 89 AD2d 831). However, since the instant petition was sufficient (see *People v Cohen,* 52 NY2d 584), it is unnecessary to remit for further consideration of the issue. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.