■ In the Matter of Verna C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.), dated May 14, 1987, which upon a fact-finding order of the same court, entered January 25, 1987, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of resisting arrest and obstructing governmental administration in the second degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of one year.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

This juvenile delinquency proceeding was commenced by the filing of a petition on August 22, 1986. The petition alleged, insofar as it is relevant to this appeal, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of resisting arrest and obstructing governmental administration in the second degree. The supporting affidavit, executed by the arresting officer, simply stated that "Deponent observed the Respondent with intent to prevent me from performing my lawful duty, to wit: placing her under arrest, respondent did attempt to cause physical injury to me by kicking me in the groin and did struggle and physically resist being placed in handcuffs".

A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite in a criminal proceeding (see, People v Hall, 48 NY2d 927, rearg denied 49 NY2d 918), as well as in a juvenile delinquency proceeding (see, Matter of Michael G., 93 AD2d 836). A petition, including any supporting affidavits, charging an individual with juvenile delinquency, that fails to contain nonhearsay allegations establishing "if true, every element of each crime charged and the respondent's commission thereof" is fatally defective (Family Ct Act § 311.2 [3]; see also, People v Alejandro, 70 NY2d 133).

It is clear that the petition herein failed to allege facts which, if true, would establish that the underlying arrest, which was the official function performed by the police officer, was authorized by law. The petition therefore failed to allege facts sufficient to establish all the essential elements of the crimes of resisting arrest (see, Penal Law § 205.30; *People v Alejandro, supra*) and of obstructing governmental administration in the second degree (see, Penal Law § 195.05; *People v Vogel,* 116 Misc 2d 332). Accordingly, the petition herein is jurisdictionally defective upon its face. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.