■ In the Matter of JEREMY B., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL, Appellant.—Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about June 10, 1988, which dismissed the petition, unanimously modified, on the law, to the extent of reinstating counts one, four and five of the petition, and otherwise affirmed, and the matter remanded for a fact-finding hearing and any other further proceedings, without costs.

The Corporation Counsel, presentment agency appellant (the Presentment Agency), appeals from an order of the Family Court, dismissing in its entirety before fact-finding a petition which alleged that respondent Jeremy B. (respondent) had committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree (Penal Law § 120.05 [3]), attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]), menacing (Penal Law § 120.15), resisting arrest (Penal Law § 205.30), obstructing

governmental administration (Penal Law § 195.05), and criminal mischief in the fourth degree (Penal Law § 145.00 [1]). The petition was dismissed on the grounds that it failed to establish, through nonhearsay factual allegations, the elements of the alleged crimes, and was therefore facially insufficient.

The facts in this case are undisputed. The petition filed by the Presentment Agency had appended to it two supporting depositions, sworn to and executed by Police Officer Leonard Curcio (Curcio) on April 28, 1988. The pertinent portions of these supporting depositions, which refer to an incident occurring on April 20, 1988 at 49 West 32nd Street, are as follows:

"DEPONENT observed the RESPONDENT, with intent to prevent me from performing a lawful duty as a police officer, to wit: effectuating a lawful and authorized arrest of the Respondent, and with intent to cause physical injury to me did cause such physical injury to me by kicking, punching and biting me about the body. I also observed Respondent, with intent to obstruct, impair and prevent me, a public servant, from performing an official function, to wit: effectuating an authorized and lawful arrest of Respondent, attempted to prevent me from performing such official function by means of physical force, to wit: kicking, punching and biting me about the body. * * *

"DEPONENT observed the RESPONDENT assault myself and 1 other officer by kicking, punching and biting. Observed respondent throwing and kicking newspapers that belonged to the news stand. Observed respondent wearing metal knuckles by which upon our sight were thrown away & not recovered. Respondent did resist arrest and act disorderly by causing public alarm, drawing a large crowd.

"RESPONDENT was taken into custody by DEPONENT on the complaint of AHMED THABT of (Address Confidential) who states Respondent did throw garbage in front of store, did throw newspapers from news stand, constantly loiters for sale of drugs in and out of store, did menace him with metal knuckles on numerous occasions and many times attempted to and did steal from his store."

Respondent was arraigned and denied the allegations of the petition. He subsequently filed an omnibus motion seeking, inter alia, "an order pursuant to Family Court Act § 311.2 and 315.1 dismissing every count in the petition as jurisdictionally defective for its failure to provide legally sufficient factual allegations." In its answering papers, the Presentment Agency conceded that there were no nonhearsay factual allegations in

support of the charges alleging menacing and criminal mischief in the fourth degree. The Presentment Agency further stated that due to its inability to locate complainant Ahmed Thabt, it agreed to withdraw those counts;[1] however, it argued that the supporting depositions regarding the remaining counts contained sufficient nonhearsay factual allegations and that they should not be dismissed.

On June 10, 1988, the Family Court granted the motion in its entirety. Regarding the counts alleging assault, attempted assault, resisting arrest, and obstructing governmental administration, the court stated that "[n]owhere in the petition or its supporting depositions are any factual allegations set forth to support the conclusions that the arresting officers were performing a 'lawful duty' or that an arrest of the respondent was 'authorized.' "

The Presentment Agency argues on appeal that the Family Court erroneously dismissed these four counts. We agree with the Presentment Agency as to the counts regarding assault, resisting arrest and obstruction of governmental administration.

Under Family Court Act § 311.2 (3), a petition is insufficient as a matter of law unless it includes: "non-hearsay allegations of the factual part of the petition or of any supporting depositions [which would] establish, if true, every element of each crime charged and the respondent's commission thereof."[2] Here Curcio's supporting deposition stated that respondent had been taken into custody based not only upon the complainant's allegations, but also upon his own observations. Therefore, the arrest was authorized by law, since Curcio had reasonable cause to believe respondent had engaged in criminal conduct, at least based upon his observation of respondent wearing metal knuckles. *(See,* CPL 140.10 [1]; *People v Alejandro,* 70 NY2d 133, 135 [1987]; *cf., Matter of Verna C.,* 143 AD2d 94 [2d Dept 1988] [petition failed to allege facts which, if true, would establish that the underlying arrest was authorized by law].)

Curcio's supporting deposition also unquestionably contained nonhearsay allegations describing respondent's conduct when he himself attempted to effect respondent's arrest. Cer-

---

1. While the Presentment Agency agreed to withdraw these counts *without prejudice,* the Family Court deemed them to be *withdrawn with* prejudice.

2. This is analogous to the requirements of CPL 100.40, which enumerates the requirements for a facially valid information. CPL 100.20 defines and describes supporting depositions generally.

tainly, Curcio's contentions that respondent kicked, punched and bit the officers, thereby causing injury to them, if found to be true at a fact-finding hearing, would establish that respondent committed each element of the crimes charged. We accordingly find that there was no defect in the deposition supporting the petition as to counts one, four and five and that it was error for Family Court to dismiss these counts prior to a fact-finding hearing. (See, Matter of Eric F., 126 AD2d 39, 43 [1st Dept 1987].)

Family Court did, however, correctly dismiss the second count, charging attempted assault in the second degree under Penal Law §§ 110.00, 120.05 (3). That count alleged that respondent attempted to cause injury to the arresting officer with intent to prevent him from performing a lawful duty. However, as the Court of Appeals recently held in People v Campbell (72 NY2d 602, 607 [1988]), the crime of attempted assault in the second degree is a legal impossibility.

Accordingly, the order of the Family Court is modified, on the law, to the extent of reversing that part of the order appealed from which dismissed counts one, four and five of the petition, reinstating those counts of the petition, and otherwise affirmed, and the matter is remanded for a fact-finding hearing, and any other further proceedings as required. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.