OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Penal Law § 195.05 (prior to amendment eff Nov. 1, 1998) stated that: “A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service.”
A review of that portion of the accusatory instrument detailing the obstruction of governmental administration charge indicates that the nonhearsay factual allegations contained in the information satisfy the requirements of CPL 100.15 (3) and 100.40 (1) (b) and (c). Contrary to defendant’s contention, the words “authorized arrest” need not be used in the accusatory instrument. These words are not found in the statute and the accusatory instrument is sufficient so long as the factual allegations contained therein delineate what the obstruction and official function consist of (cf., Matter of Carlos G., 215 AD2d 165). Therefore, whether or not the arrest, which constitutes the “official function” alleged to have been obstructed, was authorized need not be made part of the pleadings.
Nonetheless, when an arrest forms the basis of the official function interfered with in a charge of obstructing governmen *94 tal administration, the arrest must be authorized in order to convict a defendant of the charge. Therefore, a defendant may-use an unauthorized arrest as a defense to the charge and it is the duty of the trier of fact to determine if the arrest was, in fact, authorized (see, People v Vogel, 116 Misc 2d 332).
In the case at bar, the information clearly states that “defendant did attempt to prevent a public servant, the undersigned police officer, from performing an official function, that being the lawful arrest of a subject defendant identified as her husband. The defendant did grab the arm of a uniformed police officer while that officer was attempting to take a subject into custody for driving while intoxicated. The defendant was then advised that she was under arrest for obstructing a governmental administration.” These nonhearsay factual allegations provide reasonable cause to believe defendant committed the offense of obstructing governmental administration and establish, if true, every element of that offense.
Furthermore, the information is facially sufficient in regard to the resisting arrest charge since defendant’s actions in 'resisting her arrest for obstruction of governmental administration, as well as her actions constituting the basis for the obstruction of governmental administration charge, are fully set forth in the information by nonhearsay allegations of fact.
All other issues are unpreserved for appellate review.
DiPaola, P. J., Floyd and Palella, JJ., concur.