conclude, however, that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted, particularly in view of the fact that other evidence of defendant's drug use was properly admitted (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). "Speculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel" (*People v Adams*, 247 AD2d 819, 819 [1998], *lv denied* 91 NY2d 1004 [1998]; *see generally People v Turner*, 5 NY3d 476, 480 [2005]). Contrary to the further contentions of defendant, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.

■ In the Matter of TEONIA B. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY B., Appellant. [831 NYS2d 301]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered March 8, 2006 in a proceeding pursuant to Family Court Act article 10. The order adjudged that the children are abused children and placed respondent under the supervision of petitioner for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order of factfinding and disposition determining that he sexually abused his 12-year-old daughter and derivatively abused his other children. Contrary to respondent's contention, Family Court's findings of sexual abuse are supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The testimony of the physician detailing the physical findings of sexual abuse sufficiently corroborates the out-of-court statements of the child that respondent sexually abused her (*see Matter of Colberdee C.*, 2 AD3d 1316 [2003]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.

■ In the Matter of DANIEL M., Appellant. ERIE COUNTY ATTORNEY, Respondent. [830 NYS2d 410]—