# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**928**

**CAF 12-00761**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF ALESHA P. AND MACKENZIE P.
-----------------------------------------------
OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,         MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

AUDREY B., RESPONDENT,
AND MICHAEL B., RESPONDENT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT.

NELSON LAW FIRM, MEXICO (ALLISON J. NELSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA.

THEODORE W. STENUF, ATTORNEY FOR THE CHILD, MINOA.

---

Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered April 3, 2012 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, determined that respondent Michael B. had abused his stepchildren.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-appellant (respondent) appeals from an order of fact-finding determining that he sexually abused his two stepdaughters. Contrary to respondent's contention, Family Court's findings of sexual abuse are supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Teonia B.*, 37 AD3d 1101, 1101). "We accord great weight and deference to [the c]ourt's determinations, 'including its drawing of inferences and assessment of credibility,' and we will not disturb those determinations where, as here, they are supported by the record" (*Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401, *lv denied* ___ NY3d ___ [Aug. 27, 2013]; *see Matter of Peter C.*, 278 AD2d 911, 911; *see generally Matter of Irene O.*, 38 NY2d 776, 777).

Respondent further contends that the court abused its discretion in excluding him from the courtroom during his stepdaughters' testimony. We reject that contention. "The court properly balanced the respective interests of the parties and, based upon the hearing testimony, reasonably concluded that the [stepdaughters] would suffer substantial emotional trauma if [they] were compelled to testify in

open court" (*Matter of Lynelle W.*, 177 AD2d 1008, 1009; *see Matter of Q.-L.H.*, 27 AD3d 738, 739). Moreover, the court properly based its decision to exclude respondent from the courtroom "on the social worker's affidavit that respondent's abuse of the child[ren] compromised [their] ability to give clear and accurate testimony in respondent's presence" (*Matter of Hadja B.*, 302 AD2d 226, 226; *see Matter of Moona C. [Charlotte K.]*, 107 AD3d 466, 467).