■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GERARD MATTHEWS, Appellant. [982 NYS2d 753]—

Judgments, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered December 14, 2011, convicting defendant, upon his pleas of guilty, of public lewdness (two counts), exposure of a person (two counts) and resisting arrest, and sentencing him to an aggregate term of 90 days, unanimously reversed, on the law, the judgments vacated, and the informations dismissed.

Based on *People v McNamara* (78 NY2d 626 [1991]), we are constrained to conclude that the informations charging defendant with public lewdness (Penal Law § 245.00 [a]) and exposure of a person (Penal Law § 245.01) were jurisdictionally defective, because they failed to establish the statutory element that defendant's acts were committed in a public place. As in *McNamara*, the lewd acts here were allegedly committed in a parked car, but the informations did not allege objective circumstances to establish that the car was situated in a place where it was likely that the acts would be observed by casual passersby, which is an essential allegation under these circumstances (*id.* at 634). This deficiency was not cured by the informations' conclusory allegations that the lewd acts occurred in public places, or the allegations that they took place in front of specific addresses, which "could as readily refer to a private driveway as to a residential street" (*id.*).

We have considered and rejected the People's remaining arguments on this issue. Because the information failed to allege sufficient facts to support the underlying charges, it was also insufficient to allege that defendant's arrest on those charges was "authorized," as required by Penal Law § 205.30, and thus defendant is entitled to dismissal of the resisting arrest charge (*see People v Jones*, 9 NY3d 259, 263 [2007]). Concur—Moskowitz, J.P., Richter, Manzanet-Daniels, Clark and Kapnick, JJ.