[995 NYS2d 899]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRI-ANN FRASER AITKENS, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, September 22, 2014

**APPEARANCES OF COUNSEL**

*Andrea Hirsch*, New York City, for appellant.

*Janet DiFiore, District Attorney*, White Plains (*Laurie Sapakoff, Steven Bender* and *Richard Longworth Hecht* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgment of conviction is reversed, as a matter of discretion in the interest of justice, and so much of the accusatory instrument as charged defendant with resisting arrest is dismissed.

Defendant was charged, in a single information, with obstructing governmental administration in the second degree (Penal Law § 195.05) for allegedly attempting to interfere in the arrest of her sister, resisting arrest (Penal Law § 205.30) and disorderly conduct (Penal Law § 240.20 [1]). After a jury trial, defendant was found guilty of resisting arrest and disorderly conduct, and acquitted of obstructing governmental administration in the second degree. The City Court subsequently dismissed so much of the accusatory instrument as charged defendant with disorderly conduct, finding that the accusatory instrument was jurisdictionally defective with respect to that charge. Defendant appeals from the judgment convicting her of resisting arrest. She argues that the accusatory instrument was jurisdictionally defective with respect to that charge as well, that the City Court gave an improper jury charge, and that she received ineffective assistance of counsel.

Defendant was in the process of being arrested for obstructing governmental administration in the second degree, for having allegedly interfered with the arrest of her sister, when she allegedly resisted her own arrest. She argues that so much of the accusatory instrument as charged her with resisting arrest is jurisdictionally defective because it did not allege facts establishing, if true, every element of the underlying offense of obstructing governmental administration in the second degree which, according to defendant, could only be accomplished by alleging facts that, if true, would establish that her sister's arrest was authorized. This argument is without merit, as an accusatory instrument charging resisting arrest need not allege "facts that would establish, if true, every element of the offense giving rise to the arrest" (*People v Clergeot*, 20 Misc 3d 87, 89 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). It is sufficient that it set forth facts establishing that the arresting officer had probable cause to believe that the defendant had committed an offense in his presence (*see* CPL 140.10 [1] [a]; *People v Alejandro*, 70 NY2d 133, 135 [1987]; *see generally Wallace v City of Albany*, 283 AD2d 872, 873 [2001]). Here, the accusatory instrument sufficiently alleged that the arresting officer had probable cause to believe that defendant had attempted to prevent a public servant from performing an "official function," in this case an arrest, and therefore that she had committed the offense of obstructing governmental administration in the second degree (*see* Penal Law § 195.05). Indeed, even an information directly charging obstructing

governmental administration in the second degree, where an arrest is the official function alleged to have been obstructed, need not allege that the arrest was authorized (*People v Cacsere*, 185 Misc 2d 92, 93 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]; *see also People v Ballard*, 28 Misc 3d 129[A], 2010 NY Slip Op 51221[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). In view of the foregoing, the failure to set forth facts establishing, if true, that the arrest of defendant's sister was authorized did not render jurisdictionally defective so much of the accusatory instrument as charged defendant with resisting her own arrest for obstructing governmental administration.

■ However, we find that reversal of the judgment of conviction is warranted based upon the City Court's charge to the jury. Immediately following its instruction concerning the elements of the crime of resisting arrest, the court charged the following language from Penal Law § 35.27: "A person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer." "[A]lthough Penal Law § 35.27 will generally preclude a justification defense to a charge of assault upon a police officer, it has no bearing on the crime of resisting arrest, which requires as an element thereof that there was an authorized arrest" (*People v Rosa*, 277 AD2d 506, 507 [2000]). Thus, the inclusion of this instruction directly after charging the elements of resisting arrest "blurred or negated" the elements of the charge of resisting arrest, suggesting that defendant could be found guilty of the crime of resisting arrest, even if the arrest were unauthorized, if she used physical force (*id.*; *People v Harewood*, 63 AD2d 876 [1978]). This is particularly so here, where there was testimony that defendant had struggled with the arresting officer and the City Court did not provide a definition of "physical force." While this error was not preserved for appellate review, we reach it in the interest of justice (*see People v Cordes*, 71 AD3d 912, 913 [2010]; *People v Cotterell*, 7 AD3d 807 [2004]).

Since defendant has served her sentence, as a matter of discretion, we do not order a new trial but dismiss so much of the accusatory instrument as charged defendant with resisting arrest (*see People v Dreyden*, 15 NY3d 100, 104 [2010]; *People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Khan*, 31 Misc 3d 130[A], 2011 NY Slip Op 50580[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).

In light of our determination, we need not reach defendant's remaining contention.

Accordingly, the judgment of conviction is reversed and so much of the accusatory instrument as charged defendant with resisting arrest is dismissed.

IANNACCI, J.P., TOLBERT and GARGUILO, JJ., concur.