■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BALDEMIRO LOPEZ, Appellant. [46 NYS3d 591]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered April 28, 2015, convicting defendant, after a jury trial, of burglary in the second degree, criminal contempt in the first and second degrees, endangering the welfare of a child (two counts) and resisting arrest, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence warranted an inference that, beyond his unlawful entry into the victim's apartment, defendant intended to violate another provision of the order of protection obtained by the victim against him, namely the provision requiring him to stay away from her and to not communicate with her (*see People v Cajigas*, 82 AD3d 544, 545 [1st Dept 2011], *affd* 19 NY3d 697 [2012]). The evidence also

demonstrated defendant's pattern of violent and hostile behavior toward the victim, permitting the inference that he intended to enter the apartment in order to assault or threaten her (*see People v Polanco*, 279 AD2d 307, 308 [1st Dept 2001], *lv denied* 96 NY2d 833 [2001]; *People v Melendez*, 206 AD2d 270, 271 [1st Dept 1994], *lv denied* 84 NY2d 870 [1994]).

The court providently exercised its discretion when it denied defendant's request to introduce medical records relating to an injury he sustained about six months before the burglary. In the absence of any explanatory testimony, these records did not shed any light on defendant's physical condition at the time of the burglary, including his ability to enter the victim's apartment by climbing a fire escape (*see People v Ortiz*, 259 AD2d 271 [1st Dept 1999], *lv denied* 93 NY2d 901 [1999]). Moreover, the voluminous records would have been likely to confuse the jurors and encourage them to speculate and appoint themselves as medical experts regarding the time it would take particular injuries to heal. Since defendant never asserted that he was constitutionally entitled to introduce these records, he only raised a question of state evidentiary law (*see People v Lane*, 7 NY3d 888, 889 [2006]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review his unpreserved constitutional claim in the interest of justice. As an alternative holding, we reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.