THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA SUMTER, Appellant. [58 NYS3d 304]—

Judgment, Supreme Court, Bronx County (Leonard Livote, J.), rendered June 4, 2012, convicting defendant, after a jury trial, of resisting arrest and obstructing governmental administration in the second degree, and sentencing her to a conditional discharge, reversed, on the law, and the misdemeanor complaint dismissed.

Defendant was charged with obstructing governmental administration and resisting arrest arising from an incident in which she allegedly interfered with the arrest of her brother, and then resisted her own arrest. On appeal, defendant maintains that the misdemeanor complaint is insufficient on its face. To be facially sufficient, a misdemeanor complaint and any accompanying depositions must set forth allegations

providing "reasonable cause to believe that the defendant committed the offense charged," and nonhearsay factual allegations that "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [b], [c]; *see People v Alejandro*, 70 NY2d 133, 135-136 [1987]). An information that is facially insufficient is jurisdictionally defective and must be dismissed (*People v Jones*, 9 NY3d 259, 263 [2007]).

As relevant here, "[a] person is guilty of obstructing governmental administration [in the second degree] when he [or she] intentionally . . . prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference" (Penal Law § 195.05). "[A] defendant may not be convicted of obstructing governmental administration or interfering with an officer in the performance of an official function unless it is established that the police were engaged in authorized conduct" (*People v Lupinacci*, 191 AD2d 589, 590 [2d Dept 1993]; *see People v Greene*, 221 AD2d 559, 560 [2d Dept 1995]; CJI2d[NY] Penal Law § 195.05 ["the official function the defendant is charged with having prevented or attempted to prevent a public servant from performing must have been authorized"]).

Where, as here, the official function performed by the officer is an arrest, an information is jurisdictionally defective if it fails to allege facts showing that the arrest was authorized (*see e.g. Matter of Anthony B.*, 201 AD2d 725, 726 [2d Dept 1994]; *Matter of Verna C.*, 143 AD2d 94, 95 [2d Dept 1988]; *see also* William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Penal Law § 195.05 ["An 'official function' in the context of an arrest requires that the arrest be lawful"]).[1] In *Verna C.*, "[t]he supporting affidavit, executed by the arresting officer, simply stated that 'Deponent observed the Respondent with intent to prevent me from performing my lawful duty, to wit: placing her under arrest, respondent did attempt to cause physical injury to me by kicking me in the groin and did struggle and physically resist being placed in handcuffs' " (143 AD2d at 94). The court dismissed the petition as jurisdictionally defective because it did not include facts establishing that the officer's arrest was legally authorized, and thus failed to allege facts sufficient to establish all the essential elements of obstructing governmental administration (*id.* at 95; *accord*

---

1. Although *Anthony B.* and *Verna C.* are Family Court proceedings, the requirements for a sufficient Family Court petition and a sufficient Criminal Court information are essentially the same (*see* CPL 100.40; Family Ct Act § 311.2; *see also Matter of Jeremy B.*, 151 AD2d 314, 316 n 2 [1989]).

*Matter of Anthony B.*, 201 AD2d at 726; *cf. Matter of Jeremy B.*, 151 AD2d 314, 316 [1st Dept 1989] [upholding charge of obstructing governmental administration because the supporting deposition contained factual allegations that the underlying arrest was authorized by law]).

Guided by these principles, we conclude that the misdemeanor complaint here is jurisdictionally defective. The factual part of the complaint merely states that the officer was "attempting to effectuate the arrest of [defendant's brother]." However, the complaint contains no factual allegations that would establish, if true, that the underlying arrest of defendant's brother was authorized. Thus, the complaint fails to allege facts sufficient to establish all the essential elements of the crime of obstructing governmental administration in the second degree. Because the information fails to allege sufficient facts supporting the underlying obstructing governmental administration charge, it is also insufficient to allege that defendant's arrest on that charge was "authorized," as required by Penal Law § 205.30. Therefore, defendant is also entitled to dismissal of the resisting arrest charge (*see People v Jones*, 9 NY3d 259, 263 [2007]; *People v Matthews*, 115 AD3d 625, 625 [1st Dept 2014], *lv denied* 23 NY3d 1022 [2014]).

The dissent acknowledges that an element of the crime of obstructing governmental administration is that the underlying arrest was authorized, but nevertheless concludes that this essential element need not be alleged in the factual part of an information. This position, however, cannot be reconciled with the statutory requirement that an information contain "[n]onhearsay allegations [that] establish, if true, every element of the offense charged" (CPL 100.40 [1] [c]). It also contravenes the Court of Appeals's decision in *People v Alejandro* (70 NY2d at 138), which emphasizes that "an information must, for jurisdictional purposes, contain nonhearsay factual allegations sufficient to establish a prima facie case."

*People v Casey* (95 NY2d 354 [2000]), a case cited by the dissent, states that the factual allegations of an information "should be given a fair and not overly restrictive or technical reading" "[s]o long as [they] give an accused notice sufficient to prepare a defense" (*id.* at 360). Here, the allegations do not give any notice whatsoever that would allow defendant to mount a defense that her brother's arrest was not authorized. The complaint does not identify the crime for which defendant's brother was arrested, or the circumstances that led to the arrest. We disagree with the dissent's view that the complaint's deficiency is remedied by a brief reference to the arrest number

of defendant's brother. As noted, the statute and case law require that facts establishing all of the elements of an offense charged be contained in the complaint and any supporting depositions. Merely referencing an arrest number does not cure the deficiency and does not provide defendant with the requisite "notice sufficient" to defend against the charges (*id.*).[2]

In finding the misdemeanor complaint sufficient, the dissent relies on a number of cases from the Appellate Term of the Second Department. Those cases, however, are contrary to the express language of CPL 100.40 (1) (c), the Court of Appeals' decision in *Alejandro*, and the Second Department's decisions in *Anthony B.* and *Verna C.*, and we are not obligated to follow them.[3] Concur—Richter, J.P., Moskowitz, Feinman and Kapnick, JJ.

Andrias, J., dissents in a memorandum as follows: I disagree with the majority's holding that the misdemeanor complaint was jurisdictionally defective, with respect to both the obstructing governmental administration in the second degree and resisting arrest charges, because it did not contain sufficient factual allegations showing that the underlying arrest of defendant's brother, Richard Sumter, was authorized.[1] The information charged defendant with preventing an officer from effectuating an authorized arrest, and expressly identified her brother by name and provided his arrest number. Defendant's own offending acts were described in great detail. She "approached and attempted to pull deponent's partners away from separately apprehended RICHARD SUMTER, and swung fists at officers involved in the arrest of separately apprehended RICHARD SUMTER preventing them from timely effectuating his arrest." No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke [her] protection against double jeopardy" (*People v Kasse*, 22 NY3d 1142, 1143 [2014]). Therefore, I dissent.

"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution"

---

2. We also note that no arrest report or other documents pertaining to the brother's arrest were annexed to the complaint.

3. *Matter of Carlos G.* (215 AD2d 165 [1st Dept 1995]), cited by the dissent, does not change the result. The brief decision in that case does not quote all of the language contained in the petition and supporting deposition. Thus, it is unknown if those documents provided the requisite factual allegations about the underlying arrest. It is likewise unknown if that appeal raised the precise appellate question presented here.

1. Richard Sumter was tried jointly with defendant and convicted of resisting arrest and obstructing governmental administration.

(*People v Dreyden*, 15 NY3d 100, 103 [2010]). Under CPL 100.15, every accusatory instrument must contain an accusatory portion designating the offense charged and a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion.

A misdemeanor information is facially sufficient if the non-hearsay allegations provide reasonable cause to believe that the People can prove every element of the crime charged and defendant's commission of the crime (CPL 100.40 [1] [a], [b], [c]; *see People v Alejandro*, 70 NY2d 133, 136-137 [1987]). Conversely, "[u]nder *Alejandro*, . . . an information is facially deficient if it *entirely* fails to address an element of the offense charged" (*People v Konieczny*, 2 NY3d 569, 576 [2004] [emphasis added]).

A court reviewing for facial insufficiency must assume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them (CPL 100.40, 100.15; *see People v Jackson*, 18 NY3d 738, 741-742 [2012]). Significantly, the facts need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt (*see People v Jennings*, 69 NY2d 103, 115 [1986]).[2] Furthermore, a valid information need not disprove every potential defense (*People v Cox*, 44 Misc 3d 134[A], 2014 NY Slip Op 51162[U] [App Term, 2d Dept 2014], *lv denied* 24 NY3d 1001 [2014]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]). These core principles are satisfied in this case and the information charging defendant with obstructing governmental administration in the second degree and resisting arrest is facially sufficient (*see People v Kalin*, 12 NY3d 225, 230 [2009]).

"A person is guilty of obstructing governmental administration [in the second degree] when he [or she] intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means

---

**2.** "To the extent that *Alejandro* . . . may have tended to equate a prima facie case for an information or a juvenile delinquency petition with legally sufficient evidence under CPL 70.10 (1), those portions of the writings were dicta and . . . incompatible with the governing statutes" (*People v Suber*, 19 NY3d 247, 254 [2012]).

of intimidation, physical force or interference" (Penal Law § 195.05; *see People v Dumay*, 23 NY3d 518, 524 [2014]). The accusatory instrument charges "that on or about May 8, 2009 at approximately 11:55 PM at Front of 1360 Lyman Place," defendant committed the offenses of resisting arrest and obstructing governmental administration in the second degree in that she "did intentionally prevent or attempt to prevent a . . . police officer from effecting an authorized arrest of himself [sic] or another person and intentionally obstruct, impair or pervert the administration of law or other governmental function or prevented or attempted to prevent a public servant from performing an official function, by means of intimidation, physical force or interfernce [sic], or by means of an independently unlawful act."

The factual part of the information states that "deponent was attempting to effectuate the arrest of separately apprehended RICHARD SUMTER (Arrest #BO9638199) and defendant approached and attempted to pull deponent's partners away from separately apprehended RICHARD SUMPTER, and swung fists at officers involved in the arrest of separately apprehended RICHARD SUMPTER preventing them from timely effectuating his arrest. Deponent further states that when he observed officers attempt to arrest defendant for her aforementioned actions, defendant flailed her arms and kicked her legs in attempt to prevent from being handcuffed."

When read in conjunction with the description of the charges, these allegations sufficed to inform defendant of the official function being performed by the police, namely the authorized arrest of the separately apprehended Richard Sumter, and the acts she undertook to obstruct that official function (*see Matter of Carlos G.*, 215 AD2d 165, 165 [1st Dept 1995] ["The allegations that respondent punched an officer and yelled obscenities while other officers were attempting to arrest his mother sufficiently demonstrated that he specifically intended to interfere with the officer's function of maintaining order"]; *Matter of Daniel M.*, 37 AD3d 1101, 1103 [4th Dept 2007] ["With respect to the crime of obstructing governmental administration, we conclude that the testimony that respondent grabbed the flashlight from the officer and raised it as if to strike the officer while the police were attempting to arrest his father is legally sufficient to establish that respondent was attempting to interfere with the arrest of his father"]; *People v Cox*, 44 Misc 3d 134[A], 2014 NY Slip Op 51162[U], *1 [2014], *supra* [information charging the defendant with obstructing governmental administration and resisting arrest facially sufficient where it

alleged, among other things, that the "defendant yelled, screamed, cursed, engaged in a verbal dispute with, and swung his arms at, a police officer in an effort to prevent the officer from arresting a third party"]).

The majority states that the allegations in the information "do not give any notice whatsoever that would allow defendant to mount a defense that her brother's arrest was not authorized." However, while the People must establish at trial beyond a reasonable doubt that the underlying arrest was authorized, "whether or not the arrest, which constitutes the 'official function' alleged to have been obstructed, was authorized need not be made part of the pleadings" (*People v Cacsere*, 185 Misc 2d 92, 93 [App Term, 2d Dept 2000]; *see also People v Aitkens*, 45 Misc 3d 50, 52-53 [App Term, 2d Dept 2014] ["an information directly charging obstructing governmental administration in the second degree, where an arrest is the official function alleged to have been obstructed, need not allege that the arrest was authorized"]; *People v Stewart*, 32 Misc 3d 133[A], 2011 NY Slip Op 51445[U] [App Term, 2d Dept 2011] [allegations that official function was authorized not required for pleading], *lv denied* 18 NY3d 861 [2011]; *People v Ballard*, 28 Misc 3d 129[A], 2010 NY Slip Op 51221[U], *2 [App Term, 2d Dept 2010] ["The information sufficed to allege the offense of obstructing governmental administration in the second degree even though . . . there was no allegation indicating that the official function was authorized" (citation omitted)]). "[T]o require more for pleading purposes would be an unacceptable hypertechnical interpretation of the pleading requirements" (*id.*; *see also People v Casey*, 95 NY2d at 360).

*Matter of Verna C.* (143 AD2d 94 [2d Dept 1988]), on which the majority relies, does not mandate a different result. In *Verna C.*, a juvenile delinquency proceeding, the supporting affidavit stated that "Deponent observed the Respondent with intent to prevent me from performing my lawful duty, to wit: placing her under arrest, respondent did attempt to cause physical injury to me by kicking me in the groin and did struggle and physically resist being placed in handcuffs" (*id.* at 94). However, the petition did not state the basis for the respondent's own arrest. Here, the information, in setting forth the basis for the charges, states that respondent interfered with the authorized arrest of herself or a third person, and identifies that third person as the separately apprehended Richard Sumter, whose arrest number was given. As explained above, this identified the official function being performed and gave defendant sufficient notice to prepare a defense and invoke her

protection against double jeopardy. To require more would unduly obligate the People to allege facts in the information that establish the essential elements of the crimes charged against a third party, in addition to the crimes charged against the defendant herself.

"A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer . . . from effecting an authorized arrest of himself or another person" (Penal Law § 205.30). After establishing the existence of a prima facie case of obstructing governmental administration in the second degree, the information stated that when the officers attempted to arrest defendant for her unlawful actions, she "flailed her arms and kicked her legs in an attempt to prevent from being handcuffed." This sufficed to establish prima facie that defendant attempted to prevent officers from effectuating her own authorized arrest for that offense (*Matter of Thomas L.*, 4 AD3d 295, 295 [1st Dept 2004] ["Since appellant's arrest for obstructing governmental administration was authorized, his struggle to avoid being handcuffed and placed in a police car constituted resisting arrest"]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), I find it was legally sufficient to prove the defendant's guilt of the crimes of resisting arrest and obstructing governmental administration in the second degree, and that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Defendant's remaining arguments are unavailing.

Accordingly, I would affirm the judgment.