The People of the State of New York, Respondent,
against
Damon Wheeler, Appellant.




Richard Herzfeld, for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Steven W. Brockett, J.), rendered May 11, 2015. The judgment convicted defendant, upon a jury verdict, of obstructing governmental administration in the second degree.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant with obstructing governmental administration in the second degree (Penal Law § 195.05) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), alleging that, upon police officers "effecting a proper vehicle stop" on a public road, defendant "did obstruct officers by shaking his head and operating [his] vehicle backwards at a high rate of speed . . . in an attempt to elude officers . . . [who] then, after a brief vehicle pursuit . . . place[d] the defendant into custody." A quantity of crack cocaine was observed "strewn about the floor, driver seat, and trunk area of the vehicle." The charge of criminal possession of a controlled substance in the seventh degree was later dismissed. 
At a jury trial, the People established, among other things, that the vehicle stop was for the purpose of executing a duly authorized warrant to search defendant's automobile for a controlled substance and that the warrant was in effect at the time of the stop. Defendant, testifying on his own behalf, admitted that he had engaged in the conduct alleged to constitute obstructing governmental administration in the second degree except for his intent to commit the offense. Following the trial, defendant was convicted of obstructing governmental [*2]administration in the second degree.
On appeal, defendant contends initially that the accusatory instrument was facially insufficient to allege obstructing governmental administration in the second degree, absent factual allegations sufficient to establish, if true, that the police were "authorized" to stop his vehicle.
Penal Law § 195.05 provides that: 
"A person is guilty of obstructing governmental administration when he [or she] intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function." The accusatory instrument would have been well pleaded had it asserted that the complainant's "official function" was a vehicle stop for the purpose of executing a search warrant directed at defendant's vehicle (see e.g. People v Coffaro, 52 NY2d 932, 934 [1981]), without the necessity of facts sufficient to establish that the search warrant was authorized (see People v Bullock, 42 Misc 3d 141[A], 2014 NY Slip Op 50211[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Penal Law § 195.05 is intended to protect a police officer "in the performance of an official function of whatever kind" (People v Coffaro, 52 NY2d at 934). What must normally be alleged in an accusatory instrument charging an obstruction of a police officer's function is conduct representing the performance of a particular official duty, as opposed to merely being "on duty" or pursuing a nonofficial function while in uniform (see People v Ballard, 28 Misc 3d 129[A], 2010 NY Slip Op 51221[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Cacsere, 185 Misc 2d 92, 93 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]; compare People v Michael, 39 Misc 3d 138[A], 2012 NY Slip Op 52474[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012], with People v Joseph, 156 Misc 2d 192, 196 [Crim Ct, Kings County 1992]). While a "vehicle stop" may not be as descriptive of an official function as the execution of a search warrant, such conduct nevertheless represents an official function of police officers. We have held that an accusatory instrument charging obstructing governmental administration in the second degree based on resisting arrest need not allege facts to establish that the arrest was authorized(see e.g. People v Meyers, 46 Misc 3d 142[A], 2015 NY Slip Op 50179[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Aitkens, 45 Misc 3d 50, 53 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] [same]).
In view of the foregoing, we are of the opinion that obstructing a stop, which may function as the commencement of a process that culminates in an arrest, should be treated no differently with respect to a pleading (see People v Jones, 9 NY3d 259, 263 [2007]; People v Alejandro, 70 NY2d 133, 135 [1987]). While we are aware that a contrary result was reached by the Appellate Division, First Department, in People v Sumter (151 AD3d 556 [2017]), in criminal matters, we are not bound by contrary determinations of a court of the Appellate Division (see People v Graham, 177 Misc 3d 542, 543 [App Term, 2d Dept, 9th & 10th Jud Dists 1998], affd 93 NY2d 934 [1999]; cf. Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665 [1984] [in civil matters a court of the Appellate Term is bound by a determination of any of the four departments of the Appellate Division]). While the People had the ultimate [*3]burden, at the trial, to prove that the police were authorized to stop defendant's vehicle, to require such facts at the pleading stage would impose "an unacceptable hypertechnical interpretation of the pleading requirements" (People v Ballard, 28 Misc 3d 129[A], 2010 NY Slip Op 51221[U], *2; see also People v Stewart, 32 Misc 3d 133[A], 2011 NY Slip Op 51445[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). The allegation that defendant prevented "a proper vehicle stop" of defendant's vehicle by operating his "vehicle backwards at a high rate of speed . . . in an attempt to elude [the] officers despite [the officers'] emergency lights and sirens being activated" satisfied the obstruction element of the offense.
Defendant also argues that the trial proof was legally insufficient in that the People failed to establish that the police had been engaged in authorized conduct when they had stopped defendant's vehicle, because the authorization date of the second warrant was illegible, appearing to be either April 11, 2014 or April 17, 2014, rendering it impossible to determine whether the warrant was executed within the 10-day period required by CPL 690.30 (1). Further, by stating on summation that the warrant's issuance date was April 17, 2014, the prosecutor argued a fact not in evidence. Defendant's challenge to the legal sufficiency of the evidence is not preserved for appellate review, first, because defendant's motion to dismiss at the close of the People's case made no reference to any specific deficiency in the proof (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]) and, second, because, having presented a case, defendant failed to renew the motion at the close of all of the evidence (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Hines, 97 NY2d 56, 61-62 [2001]; People v Prince, 54 Misc 3d 138[A], 2017 NY Slip Op 50148[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). In any event, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) "and indulging in all reasonable inferences in the People's favor" (People v Ford, 66 NY2d 428, 437 [1985]; see also People v Delamota, 18 NY3d 107, 113 [2011]), the evidence sufficed to prove that a valid warrant for the search of defendant's vehicle was in effect on April 26, 2014. All three police witnesses who had participated in the warrant's execution (one of the witnesses was the warrant's applicant) identified the warrant executed on April 26, 2014, and, upon an examination of the exhibit, we are satisfied that it was issued on April 17, 2014 and not April 11, 2014, as alleged by defendant. The warrant's execution was therefore timely. Thus, the evidence at trial sufficed to establish that the police officers had been engaged in an authorized "official function" when they stopped defendant's automobile. As for the prosecutor's comment, not only is defendant's claim of error not preserved for appellate review (see CPL 470.05 [2]; People v Martin, 116 AD3d 981 [2014]), but the challenged statements were "fair comment upon the evidence, . . . responsive to the defense counsel's summation, . . . [and] did not otherwise require reversal" (People v Philips, 120 AD3d 1266, 1268 [2014]; see also People v Galloway, 54 NY2d 396, 399 [1981]).
We also do not agree with defendant's contention that the denial of his request to admit into evidence his video recording purporting to depict his violent encounter with the police on April 5, 2014, which did not involve the same officers who testified at his trial, violated his constitutional rights to due process and a fair trial, in particular, to present evidence on his own behalf. Defendant argues that the video would have established that his conduct on April 26, 2014 had been caused by his fear of the police and that he was about to be subjected to a similar incident. The court denied the motion, ruling, in part, that the introduction of the video "would [*4]not be appropriate and would cause the jury to focus on an incident that is not here for them to decide." Defendant was permitted to testify at length as to the events of April 5, 2014, his alleged injuries, and the significance of that incident for his behavior on April 26, 2014.
Insofar as defendant's claims are based on violations of constitutional rights, they are not preserved for appellate review, as defendant made no such arguments at the trial (see People v Lane, 7 NY3d 888, 889 [2006]; e.g. People v Cutting, 150 AD3d 873, 874 [2017]). However, insofar as the claims raise matters of state evidentiary law (see e.g. People v Lopez, 147 AD3d 456, 457 [2017]), they were preserved for appellate review. Viewed in the totality of the circumstances, the court's determination to exclude the video was not error. A trial court "enjoys broad discretion in deciding whether to admit evidence" (People v Brewer, 28 NY3d 271, 277 [2016]), and a court's evidentiary rulings are "entitled to deference on appeal absent an abuse of discretion" (Matter of State of New York v John S., 23 NY3d 326, 344 [2014]). Upon such an offer of proof, a court must "weigh the probative value of [the] evidence against the possibility that it 'would confuse the main issue and mislead the jury . . . or create substantial danger of undue prejudice to one of the parties' " (People v Corby, 6 NY3d 231, 234 [2005], quoting Prince, Richardson on Evidence § 4-103 [Farrell 11th ed]; see also People v Petty, 7 NY3d 277, 286 [2006] [same]; People v Davis, 43 NY2d 17, 27 [1977] [same]). The criteria of review of the admissibility of videotape evidence are no different (see People v Patterson, 93 NY2d 80, 84 [1999]; People v Boyd, 97 AD3d 898, 899 [2012]; People v Messina, 43 Misc 3d 78, 82 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). The video would have been largely cumulative of defendant's own description of the incident. If comparatively more graphic, it might well have distracted the jury and prejudiced the prosecution by suggesting that the proof of guilt turned on whether the events of April 5, 2014 justified defendant's anxieties with respect to a new confrontation with police and not whether on April 26, 2014 he had committed the offense. Defendant's intent with respect to the incident of April 26, 2014 may be inferred "from [his] conduct and the surrounding circumstances" (People v Lamont, 25 NY3d 315, 319 [2015]; see also People v Bracey, 41 NY2d 296, 301 [1977]), and the jurors could properly have convicted defendant even if they were persuaded that defendant's conduct was motivated by a desire to avoid the police. While the events of April 5, 2014 might explain defendant's response to the stop of his vehicle on April 26, 2014, they do not represent a legal justification for that response (cf. Penal Law art 35). We are satisfied that the videotape's preclusion did not violate defendant's right to present a defense, given the extensive testimony about that incident permitted by the court, over the People's objection, nor did the preclusion of the evidence represent an improvident exercise of discretion.
Defendant contends, finally, that highly prejudicial evidence was elicited from the police witnesses regarding the safety issues involved in investigating narcotics trafficking and in the execution of search warrants, as well as the manner in which narcotics are commonly packaged, offered to explain the officers' anxieties regarding what defendant might have been doing with his hands prior to the stop and the officers' conduct in initially confronting defendant with drawn weapons. Defendant contends that this testimony violated his federal and state constitutional rights in that, considered collectively, the testimony served only to communicate to the jury the highly prejudicial implication that, when stopped, defendant "was in the process of committing, or had committed, other serious crimes," specifically, that defendant was "an armed narcotics [*5]dealer."
Again, insofar as defendant's claims are based on violations of federal and state constitutional rights, they are not preserved for appellate review, as defendant made no such arguments at the trial (see People v Lane, 7 NY3d at 889; e.g. People v Cutting, 150 AD3d at 874). Therefore, if preserved, the claim is reviewable only as a matter of state evidentiary law (see e.g. People v Lopez, 147 AD3d 456, 457 [2017]; People v Prince, 128 AD3d 987, 987 [2015]), and, as defendant interposed no objection to any of the testimony of which he now complains, save for a single, early objection on relevance grounds, the claim is not preserved for appellate review (see CPL 470.05 [2]).
In any event, we find no error. The witnesses did not testify as to any matter that implicated defendant in prior criminal activity, limiting their testimony to the reasons for safety concerns in the particular areas of law enforcement at issue. On cross-examination, defense counsel elicited the officers' acknowledgments that they had never been advised that defendant was associated with weapons and that it was merely "proper procedure" for the officers to assume the subject of a narcotics warrant may be armed and dangerous, without regard to the particulars of an investigation. Whatever error, if any, remained after the police officers had completed their testimony was ameliorated by the court's instruction that the jurors were not to consider whether defendant had previously been convicted of a crime as proof that he had committed the crime charged in this case (see e.g. People v Hotaling, 135 AD3d 1171, 1173 [2016] [curative instruction appropriate where a testifying detective had "suggest(ed) that defendant had engaged in prior criminal activity"]). Further, the People were entitled to present some evidence of the background to the officers' execution of the warrant. There was no objection to the admission of the warrant itself, which stated that the warrant had been issued in connection with controlled substances violations and that the officers executing the warrant were authorized to search for and seize, among other things, narcotics and weapons. The officers' testimony was relevant to explain why the stop and seizure had been conducted in the manner chosen, that is, a roadside stop with a display of police weapons (see People v Prince, 128 AD3d at 987; People v Speaks, 124 AD3d 689, 691 [2015], affd 28 NY3d 990 [2016]). In any event, in light of the People's evidence and defendant's own testimony, the error was harmless as against the overwhelming proof of guilt (see People v Crimmins, 36 NY2d 230, 241 [1975]).
Accordingly, the judgment of conviction is affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2018