The People of the State of New York, Respondent,
against
Francis J. Zebzda, Appellant. 




Dupee & Monroe. P. C. (Jon C. Dupee, Jr. of counsel), for appellant.
Orange County District Attorney (Eliza R. Filipowski, William C. Ghee and Robert H. Middlemiss of counsel), for respondent.

Appeal from a purported judgment of the Justice Court of the Town of Monroe, Orange County (Steven I. Milligram, J.), rendered October 12, 2017, and from a judgment of that court rendered March 12, 2018. The judgment convicted defendant, upon a jury verdict, of obstructing governmental administration in the second degree, and imposed sentence.




ORDERED that the appeal from the purported judgment of conviction is dismissed, as no appeal lies from a jury verdict (see People v Pugh, 258 AD2d 674 [1999]); and it is further,
ORDERED that the judgment convicting defendant of obstructing governmental administration in the second degree is reversed, on the law, and the accusatory instrument charging that offense is dismissed.
On September 23, 2016, the People charged defendant in separate informations with, among other things, obstructing governmental administration in the second degree (Penal Law § 195.05) and disorderly conduct (Penal Law § 240.20 [3]). The charges followed an incident wherein state troopers stopped defendant's vehicle near the Town of Kiryas Joel in Orange County following a report by a town security officer that defendant, wearing military-style clothing, had been examining residential buildings with binoculars from a public road in the Town. After the stop, a trooper detected the odor of marihuana emanating from defendant's vehicle. When defendant refused to identify himself or to exit his vehicle when ordered to do so pursuant to a marihuana search, [*2]defendant was arrested for obstructing governmental administration in the second degree, disorderly conduct, and for other offenses subsequently dismissed before or after a jury trial. On October 12, 2017, the jury found defendant guilty of obstructing governmental administration in the second degree and of disorderly conduct, and, on March 12, 2018, defendant was sentenced to three years' probation on the conviction of obstructing governmental administration in the second degree. No sentence was imposed on the conviction of disorderly conduct.
On appeal, defendant challenges the facial sufficiency of the information charging him with obstructing governmental administration in the second degree on the ground that the instrument failed to establish the basis for the trooper's identification of the odor of marihuana, and therefore, of the lawfulness of the trooper's order that defendant exit his vehicle to permit a search of his vehicle for that substance. Defendant challenges the legal sufficiency of the trial proof on the same ground.
It was not necessary that the accusatory instrument state facts sufficient to allege the basis of the trooper's recognition of the odor of marihuana to establish the lawfulness of the order to defendant to exit his vehicle, only that the instrument " 'delineate what the obstructing and official function consist of' " (People v Ballard, 28 Misc 3d 129[A], 2010 NY Slip Op 51221[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2010], quoting People v Cacsere, 182 Misc 2d 92, 93 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]), here, a search for marihuana, a lawful official function (see People v Wheeler, 61 Misc 3d 30, 33 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], lv granted 32 NY3d 1129 [2018]; People v Meyers, 46 Misc 3d 142[A], 2015 NY Slip Op 50179[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; see also People v Stewart, 32 Misc 3d 133[A], 2011 NY Slip Op 51445[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; cf. People v Sumter, 151 AD3d 556 [2017]).
However, we agree that the trial proof was insufficient to establish the lawfulness of the official function invoked. "A defendant may not be convicted of obstructing governmental administration or interfering with an officer in the performance of an official function unless it is established that the police were engaged in authorized conduct" (People v Lupinacci, 191 AD2d 589, 590 [1993]; see e.g. People v Stewart, 32 Misc 3d 133[A], 2011 NY Slip Op 51445[U], *3; see also People v Bullock, 42 Misc 3d 141[A], 2014 NY Slip Op 50211[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] ["a conviction of (obstructing governmental administration in the second degree) requires proof beyond a reasonable doubt that the defendant obstructed an 'official function' authorized by law"], quoting People v Small, 109 AD3d 842, 843 [2013]). Where, as here, a marihuana search is initiated by a police officer's purported detection of the characteristic odor of that substance, the basis of that knowledge, at the very least, the officer's experience or training in the identification of the substance, must be established at trial. No such testimony was forthcoming at the trial. As no other basis was offered to establish the lawfulness of the order that defendant exit his vehicle, the proof of the charge of obstructing governmental administration in the second degree based on the failure to obey that order was legally insufficient (see People v Barksdale, 26 NY3d 139, 146 [2015]; People v May, 81 NY2d 725, 728 [1992]; People v Howard, 50 NY2d 583, 590 [1980]; People v Ford, 145 AD3d 1454, 1456 [2016]). 
"A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence" (CPL 1.20 [15]). A defendant must be sentenced on each charge of which he or she is convicted (see CPL 380.20; People v Sturgis, 69 NY2d 816, 817-818 [1987]; People v Payne, 54 Misc 3d 138[A], 2017 NY Slip Op 50140[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), absent which there is no judgment of conviction from which to appeal. Here, the Justice Court sentenced defendant only to three years' probation on the conviction of obstructing governmental administration in the second degree. Thus, the appeal from the jury verdict convicting defendant of disorderly conduct must be dismissed (see People v Pugh, 258 AD2d 674 [1999]).
Accordingly, the judgment convicting defendant of obstructing governmental administration in the second degree is reversed and the accusatory instrument charging that offense is dismissed. The appeal from the purported judgment of conviction is dismissed. 
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 10, 2019