People v Battles (2023 NY Slip Op 51373(U))

[*1]

People v Battles (Gilbert)

2023 NY Slip Op 51373(U)

Decided on December 18, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 18, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570480/19

The People of the State of New York, Respondent,
against
Gilbert Battles, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ilana J. Marcus, J.), rendered May 8, 2019, convicting him, upon a plea of guilty, of obstructing governmental administration in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Ilana J. Marcus, J.), rendered May 8, 2019, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of obstructing governmental administration in the second degree (see Penal Law § 195.05). The instrument, which charged second-degree obstructing governmental administration, resisting arrest and fourth degree criminal possession of marijuana, among other offenses, recites that on May 7, 2019, a uniformed police officer observed the defendant rolling a marijuana cigarette in a public place, which was illegal at the time of the incident (see former Penal Law § 221); that the officer approached the defendant and told him to "hand" over the marijuana cigarette; that defendant "thr[e]w the marijuana cigarette into a bush"; and defendant flailed his arms, "making it difficult to handcuff him"; and that a pouch was recovered containing a substance that the officer knew was marijuana, based upon his experience as a police officer making drug arrests and his observation of the packaging, which is characteristic of marijuana. Contrary to defendant's present contention, these allegations were sufficient for pleading purposes to establish that defendant intentionally obstructed a police officer from performing an official function, i.e. an authorized arrest (see People v Sumter, 151 AD3d 556, 557-558 [2017]; People v Nichols, 60 Misc 3d 127(A), 2018 NY Slip Op 50915(U) [App Term, 1st Dept 2018], lv denied 32 NY3d 1067 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 18, 2023