THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN MENDEZ, Appellant. [720 NYS2d 65] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered November 6, 1997, convicting defendant, after a jury trial, of rape in the first degree (four counts), sodomy in the first degree (three counts), robbery in the first degree (two counts), attempted rape in the first degree, and sexual abuse in the first degree (three counts), and sentencing him to an aggregate term of 62 to 186 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. As to the police canvass, the evidence establishes that defendant was simultaneously identified by two victims who did not influence each another. As to the lineup, the record establishes that the lineup fillers were sufficiently similar in appearance to the defendant and that there was not a substantial likelihood that the defendant would be singled out for identification (see, People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833).

The court properly exercised its discretion in refusing to deliver an adverse inference charge regarding the prosecution's inadvertent failure to store condoms recovered from the crime scene in a manner that would have allegedly permitted more effective DNA testing. Since defendant never requested an analysis of the condoms and never expressed any interest in them until the alleged "degradation" of DNA evidence was revealed during trial, he forfeited any right that he may have had to demand an analysis or to claim that he was prejudiced by the storage methods (People v Allgood, 70 NY2d 812; People v Aponte, 240 AD2d 317, lv denied 91 NY2d 868). In any event, there is no indication that better DNA testing would have produced any exculpatory evidence.

The court's Sandoval ruling was a proper exercise of discretion that appropriately balanced the probative value of defendant's prior bad acts against the potential for prejudice. The court properly permitted limited inquiry into the underlying facts of defendant's two dismissed cases and two prison incidents that occurred during the pendency of this case, since

these prior bad acts were relevant to credibility and a suitable good faith basis was established by the People (*see, People v Alamo*, 23 NY2d 630; *People v Sorge*, 301 NY 198).

The emergency 911 call to the police was properly admitted as an excited utterance, since it was clearly made under the influence of the stress caused by the crime (*see, People v Edwards*, 47 NY2d 493, 497). Given the heinous crimes committed by defendant and his associates during the five-hour ordeal, the fact that the victim told the operator that he was held at gunpoint, when in fact he was only threatened with being shot, was properly determined to be an inadvertence and not a calculated attempt to get a more rapid police response.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for reduction of sentence. Concur— Williams, J. P., Mazzarelli, Lerner, Rubin and Buckley, JJ.