■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW WILLIAMS, Appellant. [740 NYS2d 879] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered April 8, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's application for a missing witness charge concerning the "ghost" officer. The court properly found this request to be untimely, since it was made after the close of evidence and the record fails to support defendant's assertion that it was made "as soon as practicable" (*People v Gonzalez*, 68 NY2d 424, 428). In addition, the request was properly denied on the ground that the People established that the ghost officer, who did not witness the sales transaction, could not provide material, noncumulative testimony (*id.*). Assuming, arguendo, that the ghost officer was in a position to observe whether defendant entered a building with the undercover officer, the testimony would have been cumulative since there was nothing in the record to indicate that the ghost officer's testimony would have added to the undercover officer's testimony (*see, People v Almodovar*, 62 NY2d 126, 133). Since the undercover officer's credibility was not impeached on cross-examination, corroboration of his testimony was not crucial (*see, People v Gonzalez, supra* at 430).

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence. The record establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.