THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ALLAN ARCHBOLD, Appellant. [835 NYS2d 577]—

Amended judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 19, 2005, convicting defendant, after a jury trial, of assault in the first degree, aggravated sexual abuse in the second degree, sexual abuse in the first degree (two counts) and assault in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Following a pretrial hearing, the court properly exercised its discretion in permitting the introduction of evidence of a series of uncharged crimes and bad acts, committed against the victim in this case. This evidence was admissible in this domestic violence case to prove the element of forcible compulsion (*see People v Cook*, 93 NY2d 840 [1999]), "to explain the relationship between defendant and the victim and place the events in question in a believable context, particularly since defendant [raised the] issue of the victim's delay in reporting the charged criminal conduct" (*People v Rosario*, 34 AD3d 370, 370 [2006]), and to establish intent, motive and identity (*see People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]). The probative value of this evidence outweighed its prejudicial effect.

The court also properly admitted the victim's statements to two physicians, since each statement qualified as a "prompt outcry" under the circumstances (*see People v McDaniel*, 81 NY2d 10 [1993]; *People v Vanterpool*, 214 AD2d 429 [1995], *lv denied* 86 NY2d 875 [1995]; *People v Fabian*, 213 AD2d 298 [1995], *lv denied* 85 NY2d 972 [1995]). Defendant did not preserve his remaining arguments concerning prompt outcry testimony and other alleged hearsay, his additional uncharged crimes arguments, and his repugnant verdict and Fourth Amendment claims, and we decline to review them in the interest of justice. Were we to review these claims, we would find them without merit.

The record establishes that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708 [1998]; *Strickland v Washington*, 466 US 668 [1984]). While defendant challenges his trial counsel's failure to make various objections, we conclude that the absence of these objections did not deprive defendant of a fair trial or affect the result. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.