■ The People of the State of New York, Respondent, v Anthony Hill, Appellant. [994 NYS2d 97]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered June 1, 2009, convicting defendant, after a jury trial, of rape in the first degree (three counts), rape in the second degree, rape in the third degree (two counts), sodomy in the first degree (five counts), sodomy in the second degree (two counts), sodomy in the third degree (three counts), sexual abuse in the first degree (three counts), assault in the second degree, assault in the third degree (two counts), and endangering the welfare of a child, and sentencing him to an aggregate term of 185 5/6 years, unanimously affirmed.

The evidentiary rulings challenged on appeal were proper exercises of discretion, and in each instance the probative value of the evidence exceeded any prejudicial effect. Uncharged violent acts committed by defendant in the victim's presence were properly admitted to establish the victim's fear of defendant as relevant to both the element of forcible compulsion and her delay in reporting defendant's criminal conduct against her (*see People v Bassett*, 55 AD3d 1434, 1436 [4th Dept 2008], *lv denied* 11 NY3d 922 [2009]). The victim's characterization of the manner in which defendant wielded a stick during the incident of second-degree assault appropriately conveyed the victim's impression, and did not constitute improper opinion testimony on the ultimate question of whether defendant intended to cause physical injury. The victim's testimony about her psychological condition at the time of trial was directly relevant to rebut defense attacks on her credibility. To the extent any of these evidentiary rulings could be viewed as erroneous, we find the error to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Smith*, 18 NY3d 588, 593-594 [2012]). The ruling placed appropriate limitations on the scope of the People's inquiry into defendant's criminal record.

To the extent that defendant is raising constitutional claims regarding the court's evidentiary and *Sandoval* rulings, those claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them both on the ground that defendant is essentially raising state-law issues that are not of constitutional dimension, and on the ground that these claims lack merit in any event.

Defendant did not preserve his claims that the court should

have delivered an intoxication charge regarding the second-degree assault charge, and that the court should have conducted an inquiry as to a juror's purportedly potential bias, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

We perceive no basis for reducing the sentence, which we note is capped at 50 years by operation of law.

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Friedman, Feinman, Gische and Kapnick, JJ.