■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JACKSON, Appellant. [20 NYS3d 352]—

Judgments, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 15, 2012, as amended October 25, 2012, convicting defendant, after a jury trial, of aggravated sexual abuse in the first degree, criminal sexual act in the first degree (two counts), strangulation in the second degree (two counts), assault in the second and third degrees, criminal sexual act in the third degree (two counts), rape in the third degree (five counts), endangering the welfare of a child, tampering with a witness in the fourth degree (four counts), and criminal contempt in the second degree (three counts), and sentencing him to an aggregate term of 40 years, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of uncharged crimes. The victim's testimony about defendant's uncharged sex offenses and other violent acts was admissible to provide context for the abusive relationship between defendant and the victim, "to make it comprehensible and to enhance its credibility" (*People v Steinberg*, 170 AD2d 50, 73 [1st Dept 1991], *affd* 79 NY2d 673 [1992]; *see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Budhoo*, 46 AD3d 406 [1st Dept 2007], *lv denied* 10 NY3d 838 [2008]). That testimony was also probative of defendant's use of forcible compulsion as to some of the charged sex offenses (*see People v Cook*, 93 NY2d 840 [1999]). Defendant's statement to the victim, shortly after subjecting her to an extensive series of severely violent acts, to the effect that he would have continued to use further violence against one of his partners but was being relatively nice to the victim, after which the victim invited defendant to bed and went to sleep next to him, was similarly admissible "to explain the relationship between defendant and the victim and place the events in question in a believable context" (*People v Archbold*, 40 AD3d 403, 404 [1st Dept 2007], *lv denied* 9 NY3d 872 [2007]). The probative value of the evidence at issue was outweighed any potential for undue prejudice, which was minimized by the court's limiting instructions. Defendant's argument that he was unduly prejudiced by testimony that he engaged in sexual activity simultaneously with the 16-year-old victim and a 15-year-old girl, in violation of the court's ruling, is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing, since the victim gave no such testimony.

Contrary to defendant's contention, the court properly exercised its discretion in permitting a well-qualified expert in domestic violence, who had no personal knowledge of and expressed no opinion about the facts of this case, to testify in

general terms about the dynamics of domestic violence. The expert's focus on typical behavior of victims of domestic violence was a proper aid to the jury in understanding the victim's behavior in this case (*see People v Rodriguez*, 115 AD3d 580, 581 [1st Dept 2014], *lv denied* 23 NY3d 967 [2014]).

The court's *Sandoval* ruling was also a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The People had "a suitable good faith basis" (*People v Mendez*, 279 AD2d 434, 435 [1st Dept 2001], *lv denied* 96 NY2d 832 [2001]) for inquiring about domestic incident reports against defendant. Furthermore, the acts reported were highly probative of credibility, and the similarity of those allegations to the charges in the instant case did not render their admission an improper exercise of discretion. Defendant's assertion that the court permitted one such report setting forth allegations that ultimately led to an acquittal is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it as unsupported by any record evidence.

Defendant failed to preserve any of his constitutional challenges to the above-discussed rulings, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits, both for the foregoing reasons and because "defendant is essentially raising state-law issues that are not of constitutional dimension" (*People v Hill*, 121 AD3d 469, 469 [1st Dept 2014], *lv denied* 25 NY3d 1165 [2015]).

The court properly exercised its discretion in denying defense counsel's request for a missing witness charge, in light of the request's untimeliness (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]; *People v Williams*, 294 AD2d 133, 133 [1st Dept 2002], *lv denied* 98 NY2d 703 [2002]), which exacerbated the apparent logistical difficulty of producing the witness, and also in light of the scant materiality of any testimony she might have provided, and the potential for jury confusion or undue prejudice.

To the extent that any of the court's evidentiary rulings could be viewed as improper, we find any error harmless in light of the overwhelming evidence of guilt.

Defendant unpersuasively argues that the court's comments exhibited a bias against defense counsel, depriving him of his right to a fair trial. After defense counsel "persistently failed to obey proper evidentiary rulings" under the Rape Shield Law, the "trial court was justified, indeed obligated, to assume aggressive control of the proceedings to ensure a fair trial" (*People v Gonzalez*, 38 NY2d 208, 210 [1975]). Assuming for the sake of argument that some of the court's comments "would better

have been left unsaid," a "review of the record as a whole" shows that "the jury was not prevented from arriving at an impartial judgment on the merits" (*People v Moulton*, 43 NY2d 944, 946 [1978]). Moreover, defendant relies extensively on comments that were either outside the hearing of the jury, or where the record is inconclusive as to the jury's ability to hear the comments.

We have considered defendant's remaining contentions and find them to be unavailing.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Richter and Gische, JJ.