■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAILLE TURNER, Appellant. [40 NYS3d 369]—

Judgments, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered May 9, 2013, as amended May 22 and June 14, 2013, convicting defendant, after a jury trial, of aggravated criminal contempt, criminal contempt in the first degree and eight counts of criminal contempt in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction of aggravated criminal contempt and remanding the matter for a new trial on that count, and otherwise affirmed.

Although the indictment charged defendant with aggravated criminal contempt based on intentionally causing injury, the court charged the jury that defendant could be convicted if he acted intentionally or recklessly. In doing so, the court impermissibly expanded the scope of the indictment (*see* CPL 200.70 [2]; *People v Kaminski*, 58 NY2d 886 [1983]). Because the jury found defendant not guilty of all the charges stemming from the same incident that required intent, it is not clear that the verdict convicting him of aggravated criminal contempt was based on a finding of intentionally causing injury, as opposed to recklessly doing so (*see People v Ortiz*, 207 AD2d 279, 280 [1st Dept 1994], *lv denied* 84 NY2d 909 [1994]). Although the issue requires preservation and is unpreserved, we reach it in the interest of justice.

The nontestifying victim's statements to police when they responded to a 911 call were properly admitted as excited utterances (*see e.g. People v Gantt*, 48 AD3d 59, 63-64 [1st Dept 2007], *lv denied* 10 NY3d 765 [2008]). The record supports

inferences that these statements closely followed a startling event, and were "so influenced by the excitement and shock of the event that it is probable that . . . she spoke impulsively and without reflection" (*People v Caviness*, 38 NY2d 227, 231 [1975]). Furthermore, the statements were nontestimonial and thus did not violate the Confrontation Clause, because the police responded to an emergency, secured the apartment, and with the assailant's whereabouts unknown, asked for a description (*Davis v Washington*, 547 US 813, 822 [2006]; *People v Nieves-Andino*, 9 NY3d 12, 15-16 [2007]).

The court properly exercised its discretion in admitting expert testimony on the dynamics of domestic violence. The expert testified only generally about the subject to explain the behavior of victims that might appear unusual or that jurors might not be expected to understand (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Taylor*, 75 NY2d 277, 293-294 [1990]).

Since we are ordering a new trial on the aggravated contempt conviction, we do not reach defendant's claim that his sentence on that conviction was excessive. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.