People v Fletcher (2018 NY Slip Op 04657)





People v Fletcher


2018 NY Slip Op 04657


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6948 2984/12 691/13

[*1]The People of the State of New York, Respondent,
v
Sharief Fletcher, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Jonathan Garelick of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered September 2, 2014, as amended October 6, 2014, convicting defendant, after a jury trial, of burglary in the second degree, criminal contempt in the first degree (six counts), endangering the welfare of a child (two counts) and aggravated harassment in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed.
Defendant's challenges to the sufficiency and weight of the evidence supporting his burglary conviction are unavailing (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence warranted an inference that, beyond his unlawful entry into the victim's apartment, defendant intended to violate a separate provision of the order of protection obtained by the victim, namely a provision that prohibited any contact with her (see People v Lopez, 147 AD3d 456 [1st Dept 2017], lv denied 29 NY3d 999 [2017]; People v Carpio, 39 AD3d 433 [1st Dept 2007], lv denied 9 NY3d 873 [2007]).
The court properly admitted as excited utterances the victim's statements to a responding police officer. Officers who arrived at the victim's apartment within a few minutes of a radio run observed that the victim was crying and her hands were shaking as she told the police that she had just argued with defendant, who had wielded a knife in front of her and her two young daughters. The evidence supports the conclusion that the victim made these statements while still under the influence of the stress of this startling event (see People v Brown, 70 NY2d 513, 520-522 [1987]; People v Caviness, 38 NY2d 227, 231 [1975]; People v Smith, 37 AD3d 333, 334 [1st Dept 2007], lv denied 8 NY3d 950 [2007]).
Regardless of whether defendant's waiver of all cross-examination of the victim also waived any claim that the admission of her excited utterances violated his right of confrontation, we find no violation of the Confrontation Clause
(see Davis v Washington, 547 US 813, 822 [2006]; People v Nieves-Andino, 9 NY3d 12, 15-16 [2007]; People v Turner, 143 AD3d 582, 583 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK