The People of the State of New York, Respondent,
against
Michelle Valente, Appellant. 




Appellate Advocates (Jonathan Schoepp-Wong of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered February 3, 2017. The judgment convicted defendant, after a nonjury trial, of attempted criminal mischief in the fourth degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a nonjury trial, of attempted criminal mischief in the fourth degree (Penal Law §§ 110.00, 145.00 [1]).
A missing witness charge is warranted when the People fail to produce a witness, who is under the People's control, where the testimony of that witness would have been material and noncumulative of other testimony or evidence (see People v Savinon, 100 NY2d 192, 197 [2003]; People v Locenitt, 157 AD3d 905, 907 [2018]; People v Krupnik, 46 Misc 3d 142[A], 2015 NY Slip Op 50174[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). "The proponent of the charge initially must demonstrate only three things via a prompt request for the charge: (1) 'that there is an uncalled witness believed to be knowledgeable about a material issue [*2]pending in the case,' (2) 'that such witness can be expected to testify favorably to the opposing party,' and (3) 'that such party has failed to call' the witness to testify" (People v Smith, ___ NY3d ___, 2019 NY Slip Op 04447, *1 [2019], quoting People v Gonzalez, 68 NY2d 424, 427 [1986]). "The party opposing the charge can defeat the initial showing by . . . 'demonstrating,' among other things, that 'the testimony would be cumulative to other evidence' " (People v Smith, ___ NY3d at ___, 2019 NY Slip Op 04447, *1, quoting People v Gonzalez, 68 NY2d at 428).
Here, defendant, as the proponent of the missing witness charge, failed to meet her initial burden demonstrating prima facie entitlement thereto, as she failed to establish that the uncalled witness's testimony would have been material (see People v Williams, 294 AD2d 133, 133 [2002]; People v Bell, 288 AD2d 318 [2001]). Even if defendant had met her prima facie burden, we are of the opinion that the People established that the uncalled witness's testimony would have been cumulative (see People v Smith, ___ NY3d ___, 2019 NY Slip Op 04447; People v Samaroo, 137 AD3d 1308, 1309 [2016]; People v Nelson, 32 Misc 3d 129[A], 2011 NY Slip Op 51303[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Therefore, the Criminal Court properly found that defendant was not entitled to the missing witness charge.
Contrary to defendant's contention, the court properly ordered restitution "in an amount sufficient to compensate the victim[] for [her] 'actual out-of-pocket loss' caused by defendant's criminal conduct" (People v Rivera, 70 AD3d 1484, 1485 [2010], quoting Penal Law § 60.27 [1]; see generally People v Horne, 97 NY2d 404, 412 [2002]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019