People v Robertson (2021 NY Slip Op 06964)





People v Robertson


2021 NY Slip Op 06964


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Ind. No. 578/17 Appeal No. 14860 Case No. 2018-04013 

[*1]The People of the State of New York, Respondent,
v
Dayquan Robertson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered November 13, 2018, convicting defendant, after a jury trial, of strangulation in the second degree and assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations. The victim's testimony was corroborated by physical evidence and the testimony of other witnesses. The contradictions in the proof cited by defendant were minor or could be easily explained by the expert testimony regarding the behavior of domestic violence victims. There was no evidence to support a claim that the victim falsely blamed defendant for injuries inflicted on her by some unidentified person.
The court providently exercised its discretion in allowing evidence of two prior assaults by defendant on the victim. This evidence was admissible to provide necessary background information regarding the nature of the couple's relationship, which was directly relevant to establish defendant's motive and intent (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Ebanks, 60 AD3d 462 [1st Dept 2009], lv denied 12 NY3d 924 [2009]). The probative value of the evidence outweighed its prejudicial effect, which, in any event, was mitigated by the court's limiting instructions (see id. at 462).
The court also providently exercised its discretion in allowing expert testimony on the dynamics of domestic violence. Such testimony was necessary to aid the jury in evaluating the behavior of the victim after the assault (see People v Turner, 143 AD3d 582, 583 [1st Dept 2016]; People v Jackson, 133 AD3d 474, 475-476 [1st Dept 2015], lv denied 26 NY3d 1146 [2016]). Contrary to defendant's contention, the expert testimony did not unfairly prejudice defendant by furthering any propensity inferences against him. The expert testified only in general terms about the subject, without expressing any opinions on the facts of this case. Further, any prejudice was mitigated by the court's limiting instructions.
We perceive no basis for reducing the sentence or directing that it run concurrently with defendant's sentence on an unrelated conviction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021