People v Reese (2023 NY Slip Op 06491)

People v Reese

2023 NY Slip Op 06491

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Ind. No. 3164/17 Appeal No. 1258 Case No. 2020-00733 

[*1]The People of the State of New York, Respondent,
v
Manoch Reese, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), and Arnold & Porter, New York (Maya A. Kouassi of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered November 14, 2019, convicting defendant, after a jury trial, of criminal obstruction of breathing or blood circulation, assault in the third degree, and criminal mischief in the third degree, and sentencing him to an aggregate term of 60 days and 5 years' probation, unanimously affirmed.
The court providently exercised its discretion in admitting evidence of the prior uncharged acts of abuse of the victim by defendant. The evidence was relevant to defendant's motive and intent, and "provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Dorm, 12 NY3d 16, 19 [2009]). The testimony was necessary to complete the narrative of the parties' ongoing marital discord and escalating conflicts, and placed the victim's testimony of the underlying assault in a believable context (see People v King, 206 AD3d 499, 499-500 [1st Dept 2022], lv denied 39 NY3d 986 [2022]; People v Greene, 162 AD3d 415 [1st Dept 2018], lv denied 31 NY3d 1148 [2018]). The probative value of the evidence outweighed any prejudicial effect, which was minimized by the court's limiting instructions.
The testimony of the domestic violence expert was properly admitted to aid the jury in understanding the victim's unusual behavior, including her staying in the relationship after the prior abuse and her failure to report the incidents to authorities (see People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; People v Levasseur, 133 AD3d 411, 412 [1st Dept 2015], lv denied 27 NY3d 1001 [2016]). The testimony was not unduly prejudicial, as the expert testified to the dynamics of domestic violence in general terms, and did not offer any opinions regarding the parties or facts at issue (see People v Diaz, 20 NY3d 569, 575-576 [2013]; People v Jackson, 133 AD3d 474, 475-476 [1st Dept 2015], lv denied 26 NY3d 1146 [2016]). Moreover, any prejudice was minimized by the court's limiting instructions.
Defendant failed to preserve his constitutional claims regarding the admission of the foregoing evidence and his challenges to the People's related comments on summation, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
Defendant's contention that his conviction of third-degree criminal mischief was supported by legally insufficient evidence is unpreserved (see People v Cuff, 231 AD2d 427, 427 [1st Dept 1996], lv denied 89 NY2d 920 [1996]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant damaged property belonging to the victim, including her iPhone and iPad, and the jury, which had an opportunity to inspect photographs of the damaged property as [*2]well as the items themselves, could reasonably conclude that the devices were beyond repair or that the repair costs exceeded $250 (see Penal Law § 145.05[2]; People v Garcia, 29 AD3d 255, 263-264 [1st Dept 2006], lv denied 7 NY3d 789 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023