People v Pisano (2024 NY Slip Op 02379)

People v Pisano

2024 NY Slip Op 02379

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Ind. No. 72767/22 Appeal No. 2178 Case No. 2023-03003 

[*1]The People of the State of New York, Respondent,
v
Paul Pisano, Defendant-Appellant.

Law Office of Stephen N. Preziosi, New York (Stephen N. Preziosi of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.

Judgment, Supreme Court, New York County (Brendan T. Lantry, J., at speedy trial motion; Michele S. Rodney, J., at jury trial and sentencing), rendered June 13, 2023, convicting defendant of strangulation in the second degree, criminal obstruction of breathing or blood circulation, and assault in the third degree, and sentencing him to concurrent terms of 364 days, unanimously modified, on the law, to the extent of dismissing the conviction for criminal obstruction of breathing or blood circulation, and otherwise affirmed.
The court properly denied defendant's speedy trial motion. The various periods of delay identified by defendant between June 22, 2022 and November 16, 2022, were excludable as reasonable time for the People to respond to defendant's pretrial motions, or reasonable periods following a decision on the motions to prepare for hearings (see CPL 30.30[4][a]; People v Solano, 206 AD3d 432, 433 [1st Dept 2022], lv denied 39 NY3d 1076 [2023]). We reject defendant's arguments that the People were not acting in good faith or otherwise could not rely on CPL 30.30(4)(a).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supported the conclusion that defendant, rather than the complainant, was the initial aggressor, and that defendant strangled the complainant with the intent to impede her breathing or blood circulation and caused her physical injury (see Penal Law §§ 121.11, 121.12). The complainant's account of the incident and her injuries was corroborated by, among other things, photographs of the hotel room, the testimony of hotel security and the responding police officers, photographic and video evidence of her injuries, and medical testimony regarding the injuries.
The court providently exercised its discretion in admitting limited testimony of two prior uncharged acts of domestic abuse by defendant. The testimony was relevant to prove defendant's motive and intent behind the attack, to provide necessary background about the nature of the parties' relationship, and to place the charged conduct in a believable context (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Reese, 222 AD3d 535, 535 [1st Dept 2023]). The probative value of this evidence outweighed any prejudicial effect, which was mitigated by the court's limiting instructions. The evidence of defendant's other uncharged crimes and prior acts were also properly admitted.
The testimony of the hotel security officer that the complainant had reported that defendant attempted to choke her and told her that he was going to kill her was properly admitted under the excited utterance exception to the hearsay rule (see generally People v Johnson, 1 NY3d 302 [2003]). Defendant's bolstering argument is unpreserved, and we decline to consider it in the interest of justice. As an alternative holding[*2], we reject it on the merits (see People v Buie, 86 NY2d 501, 509 [1995]). In any event, any error was harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The court providently exercised its discretion in precluding defendant from calling witnesses to testify to the complainant's alleged propensity for violence (see generally People v Aska, 91 NY2d 979, 981 [1998]). Defendant's argument that such evidence would have been relevant to a potential justification defense is unpreserved, and we decline to address it in the interest of justice. As an alternative holding, we reject it on the merits.
As the People concede, defendant's conviction for criminal obstruction of breathing or blood circulation should be dismissed as a lesser included offense of the strangulation charge.
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024