People v Bartee (2024 NY Slip Op 50621(U))

[*1]

People v Bartee (John)

2024 NY Slip Op 50621(U) [83 Misc 3d 126(A)]

Decided on May 28, 2024

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 28, 2024
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570085/20

The People of the State of New
York, Respondent,
against
John Bartee,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Audrey E. Stone, J.), rendered November 14, 2019, after a jury trial,
convicting him of two counts of assault in the third degree and one count of harassment
in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Audrey E. Stone, J.), rendered November 14, 2019,
modified, on the law, to vacate defendant's conviction of harassment in the second
degree and to dismiss that count of the accusatory instrument, and otherwise
affirmed.
The verdict convicting defendant of two counts of third-degree assault (see
Penal Law § 120.00), was supported by legally sufficient evidence and was not
against the weight of the evidence (see People v Danielson, 9 NY3d 342,
348-349 [2007]). We find no basis on this record to disturb the jury's determination.
Even assuming, arguendo, that Criminal Court erred in admitting limited
Molineux evidence (see People v Molineux, 168 NY 264 [1901];
People v Weinstein, — NY3d —, 2024 NY Slip Op 02222 [2024]),
we conclude that any such error is harmless. There was overwhelming evidence that
defendant brutally attacked the victim on July 6th and September 23rd of 2018, including
testimony, medical records and contemporaneous photographs, and there is no significant
probability that the jury would have acquitted defendant but for the alleged error (see
People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The testimony of the domestic violence expert was properly admitted to aid the jury
in understanding the victim's unusual behavior, including her staying in the relationship
after the prior abuse and her failure to report the incidents to authorities (see People v
Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; People v Reese, 222 AD3d
535 [2023]; People v
Levasseur, 133 AD3d 411, 412 [2015], lv denied 27 NY3d 1001
[2016]). The testimony was not unduly prejudicial, as the expert testified to the dynamics
of domestic violence in general terms, and did not offer any opinions regarding the
parties or facts at issue (see People v Diaz, 20 NY3d 569, 575—576
[2013]; People v Reese, 222 AD3d at 535-536). Moreover, any prejudice was
minimized by the court's limiting instructions.
With respect to the second-degree harassment conviction, based upon an incident
[*2]originally alleged to have occurred on September 13,
2018, we agree with defendant that the information could not be amended during jury
selection to change the date of the alleged incident. "The CPL requires a superseding
accusatory instrument supported by a sworn statement containing the correct factual
allegations" (People v
Hardy, 35 NY3d 466, 469 [2020]). The variance between the charge as set forth
in the accusatory instrument and the proof at trial deprived defendant of fair notice of the
charge upon which he was to be tried.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 28, 2024