Matter of A.K. v P.C. (2025 NY Slip Op 06649)

Matter of A.K. v P.C.

2025 NY Slip Op 06649

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Docket No. O-06624/22|Appeal No. 5265|Case No. 2025-01003|

[*1]In the Matter of A.K., Petitioner-Respondent,
v
P.C., Respondent-Appellant.

Dora M. Lassinger, East Rockaway, for appellant.
Marrion C. Perry, New York, for respondent.
Willkie Farr & Gallagher LLP, New York (Ciara Sisco of counsel), attorney for the child.

Order, Family Court, Bronx County (Judith D. Waksberg, J.), entered on or about January 22, 2025, which, after a fact-finding hearing determining that respondent father had committed the family offenses of harassment in the first degree, assault in the second degree, assault in the third degree, menacing in the third degree, and criminal obstruction of breathing or blood circulation, granted a five-year order of protection in favor of petitioner mother and the parties' child, unanimously affirmed, without costs.
The mother established by a fair preponderance of the evidence that the father engaged in the family offenses alleged in the petition (see Family Ct Act §§ 812[1], 832; Matter of Melissa Marie G. v John Christopher W., 57 AD3d 314, 314 [1st Dept 2008]). The mother testified that in July 2019, the father attacked her in an incinerator room, threatened her life, choked her and lifted her by the neck, slammed her head into the concrete wall multiple times, bit her finger, and stepped on her bare foot with his heavy construction boots, all while the parties' two-year-old child was outside in a hallway. She also testified about two incidents in 2021 in which the father slapped her during an argument and later threatened her life in their child's presence. The mother's testimony was sufficient to establish that the father committed the family offenses of assault in the second degree (Penal Law § 120.05[4]), assault in the third degree (Penal Law § 120.00[1]), menacing in the third degree (Penal Law § 120.15), and criminal obstruction of breathing or blood circulation (Penal Law § 121.11).
Although the parties each provided different accounts of the events underlying the petition, Family Court resolved the conflicting testimony in favor of the mother, and there is no basis to disturb that credibility determination (see Matter of Sheila M. v Jodeci S., 231 AD3d 519, 520 [1st Dept 2024], lv denied 42 NY3d 912 [2025]; Matter of Alexei S. v Michael M., 132 AD3d 466, 467 [1st Dept 2015]). The court's assessment was based both on its observations of the witnesses and the mother's photographic and documentary evidence, which fully corroborated her detailed account and refuted the father's statements. The mother's photos depicted wounds to her fingertip, a swollen and bloody lip, and a deep bruise to her toe. Furthermore, her medical records established that her toe had been fractured, causing her to suffer pain and ongoing impairment and ultimately requiring surgical repair. The mother also proffered an email exchange with the father, sent days after the incident, in which she accused him of committing those violent acts and he apologized for harming the family, acknowledging that he had caused problems by "putting hands" on her. That the mother did not immediately seek medical attention or report the 2019 incident does not discredit her testimony (see Matter of Madochee F. v Dieudonne M., 216 AD3d 453, 454 [1st Dept 2023]; see also People v Reese, 222 AD3d 535, 535 [1st Dept 2023], lv denied 41 NY3d 1020 [2024]).
The father's contention that the court should have applied a missing witness charge or drawn negative inferences against the mother for neglecting to call additional witnesses is unpreserved, as he never sought a missing witness charge during the fact-finding hearing (see Matter of E.L. [Justin L.], 232 AD3d 546, 547 [1st Dept 2024]). In any event, the mother did not testify that anyone other than the child was present during the father's violent and threatening acts (id.).
Family Court providently exercised its discretion in finding aggravating circumstances warranting a five-year order of protection based on the father's July 2019 attack, which caused the mother to sustain both physical injury and serious physical injury (see Family Ct Act §§ 827[a][vii], 842; Matter of Anecia S.H. v Grevelle D.B., 173 AD3d 441, 441 [1st Dept 2019]; Matter of Antoinette T. v Michael J.M., 157 AD3d 531, 532 [1st Dept 2018]). The court also reasonably included the parties' child in the order of protection, as the father committed violent acts and issued threats in the child's presence (see Family Ct Act § 842[a]; Matter of Danta P.C. v Tyrell C., 125 AD3d 568, 568 [1st Dept 2015]; Matter of Coumba F. v Mamdou D., 102 AD3d 634, 635 [1st Dept
2013]). Moreover, the order expressly preserves the father's parenting access rights (Matter of Tatyana M. v Mark R., 205 AD3d 420, 422 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025